# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL PEEKS,                          :
                                        :
      Plaintiff,                     :   CIVIL NO. 3:CV-05-1764
                                        :
    vs.                              :   (CHIEF JUDGE VANASKIE)
                                        :
JEFFERY BEARD, ET AL.,                  :
                                        :
      Defendants.                    :

## M E M O R A N D U M

### INTRODUCTION

Michael Peeks, an inmate confined at the State Correctional Institution at Smithfield (SCI-Smithfield), Pennsylvania, filed this civil rights complaint on August 30, 2005, pursuant to 42 U.S.C. § 1983.  He has paid the required filing fee in this matter.  Named as Defendants are Jeffery Beard, Secretary of the Department of Corrections, and the following SCI-Smithfield employees: John A. Palakovich, Superintendent; Donald Reihart, Facility Maintenance Manager; and Matt Lawrence, Supervisor of the Grounds and Roads Maintenance Crew. In the complaint, Peeks seeks damages for injuries he sustained when a light fixture in the prison barber shop fell on his head.  For the reasons that follow, the complaint will be

dismissed, <u>sua</u> sponte, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## BACKGROUND

Peeks alleges that on May 17, 2005, he was in the barber shop at SCI-Smithfield where he is employed as a barber.  Defendant Lawrence was working on a ceiling light fixture in the shop.  Peeks claims that Lawrence failed to properly secure the light fixture with the proper fasteners, but rather, improperly used tape.  The tape eventually "gave way," resulting in the light fixture crashing down on Peeks' head, knocking him to the floor.  Peeks was taken to the infirmary and treated for his injuries, which included a five inch cut, blurry vision and headaches.

In this action he contends that Defendants knew or should have known that the light fixture was not secure, and that the accident was a result of their negligence.  He then proceeds to list the ways in which Defendants were negligent, which include leaving the light fixture in an unsafe state, failing to make the area safe for those employed in the barber shop, violating codes and ordinances regarding proper maintenance and failing to use due care under the circumstances.  Peeks seeks damages in excess of fifty thousand ($50,000.00) dollars.

---

[1] Also pending is Plaintiff's motion seeking the appointment of counsel (Dkt. Entry 4), which will be denied as moot.

## ANALYSIS

Peeks bases this action on an alleged violation of civil rights actionable under 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  The Plaintiff alleges that his rights were violated by defendants' negligence.

Title 28 United States Code section 1915A states, in part: "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. §1915A(b)(1).  In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), the Supreme Court stated that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  490 U.S. at 325.

The Eighth Amendment obligates prison officials to "take reasonable measures to guarantee the safety of inmates."  Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  A prison official may be held liable under the Eighth Amendment where a prison official knew that an inmate "face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).  To establish

that prison officials violated the Eighth Amendment by failing to prevent harm, an inmate must satisfy a two-pronged test that includes an objective and subjective element.  Id.  An inmate must show (1) that the prison conditions posed a substantial risk of serious harm, and (2) that prison officials were deliberately indifferent to the inmate's safety.  Id. at 834.  Prison officials exhibit deliberate indifference when they know of and disregard an excessive risk to inmate safety; mere negligence will not suffice.  Id. at 835, 837.  To constitute deliberate indifference as defined in Farmer, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

Throughout his entire complaint Peeks maintains that defendants were negligent.  He speaks of what occurred as an "accident" and attributes the cause of the accident to defendants' alleged failure to use due care.  There are no allegations supporting an inference that any defendant was deliberately indifferent to a substantial risk of serious harm.  Accordingly, since the complaint "lacks an arguable basis in law or fact," it will be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

An appropriate Order is attached.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL PEEKS,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-05-1764** |
| | : | |
| **vs.** | : | **(CHIEF JUDGE VANASKIE)** |
| | : | |
| **JEFFERY A. BEARD, ET AL.,** | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

**NOW, THIS 17th  DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED AS**

**FOLLOWS:**

1.  Pursuant to 28 U.S.C. § 1915A(b)(1), Plaintiff's complaint (Dkt. Entry 1) is **DISMISSED**.

2.  Plaintiff's "Motion for Appointment of Counsel" (Dkt. Entry 4) is **DENIED AS MOOT**.

3.  The Clerk of Court is directed to mark this matter **CLOSED**.

4.  Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania